UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: STANDING ORDER 20-06 | ) ) ) ) | No. 3:20-mc-22 Chief Judge Reeves |

**RESPONSE OF THE UNITED STATES TO APPLICATION
FOR ORDER SUSPENDING IN-PERSON HEARINGS**

On March 16, 2020, the Court issued Standing Order 20-06 to modify certain court operations due to Coronavirus Disease 2019, known as COVID-19.  The Court specifically noted that the World Health Organization had declared COVID-19 a pandemic, the governor of Tennessee had declared a public health emergency, and public health authorities had urged precautionary measures.  Similarly, the President of the United States declared a national emergency due to COVID-19, and Congress promptly began working on legislation to address pressing concerns.

The Federal Defender Services of Eastern Tennessee, Inc., joined by Criminal Justice Act panel attorneys, cited those legislative efforts in a motion asking the Court to "temporarily suspend in-person hearings."  (Doc. 1 at 1.)  The United States promptly notified the Court that it planned to respond to offer guidance in light of the Coronavirus Aid, Relief, and Economic Security (CARES) Act.  The Court subsequently entered Standing Order 20-08 to implement certain provisions of the CARES Act.

The United States now responds to the motion to suspend in-person hearings (Doc. 1) by submitting recommendations for the Court's implementation of its Standing Order 20-08.  These recommendations are intended to protect the rights of defendants, victims, and the public when holding hearings by video or telephone conferencing.

* * *

Ordinarily, and with few exceptions, a criminal defendant's physical presence is required at "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage . . . ; and (3) sentencing." Fed. R. Crim. P. 43(a). Rule 43 "reflects a firm judgment in favor of physical presence and does not permit the use of video conferencing as a substitute." *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011). "Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference." *Id.* at 764-65.

Because of the public health emergency created by the spread of COVID-19, however, Congress recently passed legislation temporarily authorizing courts to conduct certain criminal proceedings by video conferencing, or telephone conferencing if video conferencing is not reasonably available, with the consent of the defendant after consultation with counsel. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 15002, 134 Stat. 281, 528-29 (Mar. 27, 2020). This Court, in turn, entered Standing Order 20-08, which permits the use of video and telephone conferencing under certain circumstances.

The United States now urges the Court to implement the use of such technology in a manner that promotes public health and safety while safeguarding the rights of defendants, victims, and the public to fair and open court proceedings. Because the Court has now issued Standing Order 20-08, the United States also urges the Court to deny the recent motion by the Federal Defender Services and Criminal Justice Act attorneys to "suspend in-person hearings" and "*require* teleconferencing or video-conferencing" as moot. (Doc. 1 at 1 (emphasis added); *accord id.* at 9.)

**1.     Video and telephone conferencing must not infringe on the rights of defendants.**

A criminal defendant has a constitutional right, rooted in the Fifth and Sixth

Amendments, to be present "at any stage of the criminal proceeding that is critical to its outcome

if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S.

730, 745 (1987).  A defendant's physical presence (a) ensures that the defendant will know the

grounds for the court's decision, *United States v. Daniels*, 641 F. App'x 481, 491 (6th Cir. 2016);

(b) promotes the perception of fairness, *id*. at 492; (c) requires the judge and defendant to "fac[e]

one another," *id*.; (d) allows the defendant to assist his counsel, *United States v. Brika*, 416 F.3d

514, 527 (6th Cir. 2005); and, although not implicated here, (e) permits the defendant to "act as a

psychological brake on [a jury's] deliberations," *id*.

That is why the CARES Act explicitly requires "the consent of the defendant, . . . after

consultation with counsel," for any proceedings conducted by video or telephone conferencing.

CARES Act, § 15002(b)(4), 134 Stat. at 529.  For all such hearings, the United States urges the

Court to confirm with the defendant—on the record, although not necessarily in writing—that

he understands his right to an in-person hearing and that he knowingly waives that right.  The

record should also reflect which participants are appearing by video or telephone conferencing;

the United States suggests that the Court record such information in the courtroom minutes.  The

United States further urges the Court to confirm on the record that the defendant can see and hear

any proceedings involving video conferencing.  If proceeding by telephone conferencing instead,

the Court should make specific findings about the unavailability of video conferencing and

should confirm on the record that the defendant can hear the proceedings.

If a defendant declines to consent to proceed by video or telephone conferencing, the

hearing should be continued, and the time period of such continuance should be excluded under

the Speedy Trial Act on the ground that such delay serves the ends of justice and outweighs the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7). If the Court were to find that the hearing cannot be continued, the United States asks that the Court make specific findings that requiring the defendant to appear only by video or telephone conferencing is a remedy narrowly tailored to protect the compelling state interest in health and human safety and that the defendant will suffer no prejudice by such an appearance.

**2.    Video and telephone conferencing must not infringe on the rights of victims and the public.**

Crime victims have rights, too, including the right not to be excluded from public court proceedings, 18 U.S.C. § 3771(a)(3); the right "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding," *id.* § 3771(a)(4); the right to confer with the attorney for the Government, *id.* § 3771(a)(5); and the right to proceedings free from unreasonable delay, *id.* § 3771(a)(7). District courts must "ensure that the crime victim is afforded [those] rights." *Id.* § 3771(b)(1).

Further, "the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603-04 (1982). Additionally, recordings or transcripts of court proceedings are ordinarily made available to the public. *See, e.g.*, Fed. R. Crim. P. 5.1(g). "Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 509 (1984).

The United States therefore urges the Court to take adequate steps to ensure that victims and the public have a meaningful opportunity to attend—and, as appropriate, participate in— any criminal proceedings conducted by video or telephone conferencing. So long as the federal courthouses in this district remain open, the United States intends to send Assistant United

States Attorneys to appear in person for court proceedings, and victims and members of the public could thus likely also appear in the courtrooms listed on the Court's public calendar to observe those proceedings. But if the Court were to close a courthouse or courtroom, to enforce social-distancing protocols by restricting the number of individuals in a courtroom, or to conduct any criminal proceeding exclusively by video or telephone conferencing without any of the participants in the courtroom, the Court's public calendar should make that information clear and provide specific instructions about how members of the public can observe or listen to those proceedings. For example, the Court could provide information on its website about how to access a live audio or video feed of court proceedings.

* * *

The United States acknowledges that video and telephone conferencing are valuable tools which may promote public health and safety during the current COVID-19 pandemic. The United States urges the Court to implement these technologies in a manner that is consistent with the Constitution and the CARES Act and that safeguards the respective interests of defendants, victims, and the public. The United States stands ready to assist the Court in that mission.

Respectfully submitted,

*s/ J. Douglas Overbey*
J. Douglas Overbey
United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

5